UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL UNION          22-cv-7580 (JGK)
OF ALLIED PARTNERS AND ALLIED TRADES,
AFL-CIO, ET AL.,                             MEMORANDUM OPINION AND
                                             ORDER
                    Petitioners,

          - against -

VISCAL CONTRACTING SERVICES CORP.,

                    Respondent.

———————————————————————

JOHN G. KOELTL, District Judge:

     The Drywall Tapers and Pointers of Greater New York Local

Union 1974, Affiliated with International Union of Allied

Painters and Allied Trades, AFL-CIO (the "Union"), and the

Trustee of the Drywall Tapers and Pointers Local Union No. 1974

Benefit Funds (the "Trustees" and "Funds," respectively), have

filed a petition to confirm an arbitration award ("Petition"),

ECF No. 1, that was issued pursuant to Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C.

§§ 141 et seq. The arbitration award was issued by the Joint

Trade Board of the Drywall Tapers Industry ("Joint Trade Board")

on May 25, 2022 and was rendered pursuant to a collective

bargaining agreement involving the Union and the respondent,

Viscal Contracting Services Corp. The respondent has not opposed

the Petition. For the reasons explained below, the Petition to
confirm the arbitration award is granted.

I.

The following uncontested facts are taken from the Petition
and documents submitted in support of the Petition.

The Union is a labor organization that represents employees
in an industry affecting commerce within the meaning of Section
501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 2. The Trustees are
"the fiduciaries of jointly-administered multi-employer, labor
management trust funds" as defined by Sections 3(21)(A) and
502(a)(3) of the Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C. § 1001 et seq. Id. ¶ 3. The Funds are
employee benefit plans within the meaning of Sections 3(1),
3(2), 3(3), and 502(d)(1) of ERISA and multi-employer plans
within the meaning of Sections 3(37) and 515 of ERISA. Id. The
"Trustees of the Funds are the 'plan sponsor' within the meaning
of Section 3(16)(B)(iii) of ERISA." Id. The respondent is a
domestic business corporation incorporated under the laws of New
York and is an employer in an industry affecting commerce within
the meaning of Section 301 of the LMRA, 29 U.S.C. § 182. Id.
¶ 4.

The respondent was a party to a collective bargaining
agreement with the Union, Kugielska Decl., Ex. B, ECF No. 3-2
("CBA"), that provided "for the submission of disputes to final,

2

binding decisions of the Joint Trade Board," Pet. ¶ 6. A dispute arose when the respondent failed to submit benefit fund contributions in violation of Articles XX and XIII of the CBA. Id. ¶ 7; CBA at 30-31, 23-24. Pursuant to Article XIV of the CBA, the Union filed a Demand for Arbitration with the Joint Trade Board and served a Demand for Arbitration on the respondent. Pet. ¶ 8.

On May 3, 2022, the Joint Trade Board held a hearing on the dispute between the petitioners and respondent, which both parties attended. Kugielska Decl., Ex. A, ECF No. 3-1 ("Award"). On May 25, 2022, the Joint Trade Board rendered a verdict in favor of the petitioners. Id. at 3. The Joint Trade Board found that the respondent violated the CBA by failing to pay fringe benefits on behalf of Union member Sebastian Edgehill and directed the respondent to pay $9,472.10 in benefit contributions to the Funds. Award at 3; Pet. ¶ 10-11.

To date, the respondent has failed to pay any of the amount of the award, despite the petitioners' having served a demand letter on the respondent. Pet. ¶ 13-14. The petitioners now seek to enforce the award.

## II.

Section 301 of the LMRA grants federal courts jurisdiction over petitions brought to confirm labor arbitration awards. Local 802, Associated Musicians of Greater N.Y. v. Parker

Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016).[1] Instead, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Int'l Brotherhood of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 713 (2d Cir. 1998) (quoting Misco, 484 U.S. at 38); see also Nat'l Football League Mgmt. Council, 820 F.3d at 536. Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. U.S. Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

The respondent has failed to respond to the Petition, and it is unopposed. However, the Court must do more than simply issue a default judgment in favor of the petitioners. The Court of Appeals for the Second Circuit has explained that a default

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record . . . [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

### III.

In this case, the Joint Trade Board's award was not the Board's "own brand of industrial justice." See Misco, 484 U.S.

at 36 (quoting United Steelworkers v. Enter. Wheel & Car Corp.,
363 U.S. 593, 597 (1960)). The Joint Trade Board "deliberated
and found the [the respondent] guilty for failure to pay fringe
benefits, in violation of Article XX and Article XIII Section 6
Violation 9 of the [CBA]. Award at 3. The Joint Trade Board
determined that the respondent is liable for a total of
$9,472.10 in the amount of unpaid fringe benefits. Id. Based on
the limited review that is appropriate of an unopposed petition
to confirm an arbitration award, there is no genuine dispute of
material fact and the award should be confirmed.

### IV.

The petitioners also seek judgment to recover (i)
attorney's fees totaling $3,420 and court costs totaling $519,
arising out of this petition, and (ii) post-judgment interest at
the statutory rate. Kugielska Affirmation, ECF No. 10, at 2, 4.

Courts in this district "have routinely awarded attorneys
fees in cases where a party merely refuses to abide by an
arbitrator's award without challenging or seeking to vacate it
through a motion to the court." Trustees of N.Y.C. Dist. Council
of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-
5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). Moreover,
the attorney's fees sought by the petitioners are also
recoverable under the CBA. In relevant part, Article XVI,
Section 6 of the CBA provides that:

> If, after an Employer has violated this Article, the Union and/or the Trustees of one (1) or more Fringe Benefit Funds to which this Agreement requires contributions institute legal action to enforce an award by . . . the Joint Board remedying such violation . . . the Employer shall pay any . . . attorney's fees incurred by the Union and/or Fringe Benefit Funds, plus costs of the litigation, that have resulted from such legal action.

CBA at Art. XVI, § 6(c).

The attorney's fees sought in this case are thoroughly reasonable. In support of the petitioners' claim for attorney's fees, the petitioners' counsel submitted an affirmation listing the tasks completed, the hourly billing rates, and the total hours billed. ECF No. 10, ¶ 7. The petitioners seek $3,420 in attorney's fees for 11.4 hours of work, for which the petitioners' counsel billed the services of an associate attorney at a rate of $300 per hour. ECF No. 10, ¶ 5. The rates billed and time expended on this action by the petitioners' counsel are reasonable. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018 WL 324267, at *3 (S.D.N.Y. Jan. 5, 2018) (approving attorney's fees that billed Of Counsel attorneys at a rate of $300 per hour and an associate attorney at a rate of $225 per hour); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving attorney's fees that billed associates at a rate of $225 per hour).

Because the rates billed and time expended on this action by the petitioners' counsel are reasonable, the Court grants the petitioners' request for $3,420 in attorney's fees.

Court costs for service fees are routinely permitted. See N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Construction Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court grants the total requested court costs of $519.

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a))).

## CONCLUSION

The petition to enforce the arbitration award dated December 19, 2021 is granted. The Clerk is directed to enter judgment for the petitioners as follows:

(1) In the amount of $9,472.10 in unpaid fringe benefits;

(2) In the amount of $3,420 in attorney's fees;

(3) In the amount of $519 for court costs; and

(4) Post-judgment interest will accrue at the statutory rate provided by 29 U.S.C. § 1961(a).

The Clerk is further directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:     New York, New York
           December 19, 2022

                                              John G. Koeltl
                                     United States District Judge